**ANCHORAGE SCHOOL DISTRICT, Appellant,**

v.

**John MURDOCK, Appellee.**

**No. S–5458.**

Supreme Court of Alaska.

May 20, 1994.

Patricia L. Zobel, John T. Robertson, Staley, DeLisio & Cook, Anchorage, for appellant.

Charles W. Coe, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

This is a workers' compensation case challenging the constitutionality of AS 23.30.185 and AS 23.30.265(21). We hold that the appellee, John Murdock, does not have standing to sue in this case, therefore we do not address the validity of the statutes.

■ Alaska Statutes 23.30.185 and 23.30.-265(21) concern the termination of temporary total disability (TTD) benefits due to medical stability.[1] Murdock argues that his TTD

case makes discussion of these arguments unnecessary.

---

1. AS 23.30.185 requires that

[i]n case of disability total in character but temporary in quality, 80 percent of the injured employee's spendable weekly wages shall be paid ... during the continuance of the disability. Temporary total disability benefits may not

be paid for any period of disability occurring after the date of medical stability.

AS 23.30.265(21) defines medical stability as the date after which further objectively measurable improvement from the effects of the compensable injury is not reasonably expected to result from additional medical care or treatment, notwithstanding the possible need for additional medical care or the possibility of improvement or deterioration resulting from

benefits were terminated pursuant to the statutes and in violation of the due process guarantees of the federal and state constitutions. We disagree. On review of the record, we find that Murdock's benefits terminated September 10, 1990, because he returned to work, not because he reached medical stability. The question of whether Murdock was entitled to additional benefits after October 8, 1990, did not involve the application of AS 23.30.185 or AS 23.30.265(21).

■ Since Anchorage School District did not terminate Murdock's benefits pursuant to the challenged statutes, Murdock does not have standing to sue. In *Municipality of Anchorage v. Leigh* we stated:

> A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. A limited exception has been recognized for statutes that broadly prohibit speech protected by the First Amendment.

823 P.2d 1241, 1245–46, n. 11 (Alaska 1992) (quoting *County Court of Ulster v. Allen,* 442 U.S. 140, 154–55, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979)). Murdock's benefits were not terminated due to medical stability, therefore, he does not have standing.

We REVERSE the decision of the superior court and reinstate the decision of the Board.

BURKE, J., not participating.

the passage of time; medical stability shall be presumed in the absence of objectively measurable improvement for a period of 45 days; this presumption may be rebutted by clear and convincing evidence. . . .